**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**JACKSON DIVISION**

**KELVIN KEITH THOMPSON, #15667**                                                      **PLAINTIFF**

**VERSUS**                                                      **CIVIL ACTION NO. 3:05cv458HTW-JCS**

**CHRISTOPHER B. EPPS and CALVIN TAYLOR**                                          **DEFENDANTS**

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court, <u>sua</u> <u>sponte</u>, for consideration of dismissal.  The plaintiff, an

inmate of the Mississippi Department of Corrections (MDOC) currently incarcerated at the

Marion-Walthall Correctional Facility, Columbia, Mississippi, has filed this <u>pro</u> <u>se</u> complaint

pursuant to 42 U.S.C. § 1983.  The named defendants are:  Christopher B. Epps, Commissioner

of MDOC; and Calvin Taylor, attorney-at-law.

<u>Background</u>

The plaintiff was convicted of three counts of transfer of a controlled substance (cocaine)

in the Jackson County Circuit Court on October 20, 1999.  The plaintiff complains that the

Mississippi Department of Corrections has failed to correctly calculate his sentence.  The

plaintiff attaches a copy of his sentencing order for these convictions which states, in part, that he

is "sentenced to serve 6 years in the custody of the Mississippi Department of Corrections on

each charge to run concurrent with each other.  Further, Defendant is sentenced to serve 5 years

Post Release under the supervision of the Mississippi Department of Corrections . . .".  <u>Order</u>,

Circuit Court of Jackson County, Mississippi, Cause numbers 98-10, 169-171 (Oct. 21, 1999).

The plaintiff also attaches a copy of an "order of revocation of probation" entered by the Jackson

County Circuit Court in November of 2004.  This order states that the Circuit Court had

previously sentenced the plaintiff to "serve 6 years in the Mississippi Department of Corrections

and suspended the execution of said sentence and placed the aforesaid on probation for a term of

5 (five) years. . .".  <u>Order of Revocation of Probation</u>, Circuit Court of Jackson County,

Mississippi, Cause numbers 98-10, 169-171 (Nov. 12, 2004).  The order continues on to state it

is "ORDERED AND ADJUDGED that the probation of the aforesaid defendant Kelvin Keith

Thompson ought to be revoked and it is hereby revoked and the defendant is sentenced to a

period of 6 years to serve M.D.O.C.".  <u>Id</u>.  The plaintiff argues that he was sentenced to 6 years

and the "5 years post release supervision spoke of by the court would have to be included as part

of that 6 year sentence and not in addition to."  <u>Complaint</u> at pg. 4.  The plaintiff has also

attached an inmate time sheet from the Mississippi Department of Corrections stating that his

maximum discharge date is November 7, 2010.  The plaintiff states that he has sent defendant

Taylor, who was his defense attorney for these charges, several letters requesting that he file the

necessary paper work with the Jackson County Circuit Court to have him released.  The plaintiff

claims that defendant Taylor has failed to act on his behalf.  The plaintiff requests that this Court

order his immediate release from custody and that he be compensated in the amount of

$150,000.00 from each defendant.

Analysis

Title 28 U.S.C. Section 1915(e)(2)[1] "accords judges not only the authority to dismiss a

---

[1] Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--

(A) the allegation of poverty is untrue; or
(B) the action or appeal--

claim based on an indisputably meritless legal theory, but also the unusual power to pierce

the veil of the complaint's factual allegations and dismiss those claims whose factual

contentions are clearly baseless." See Neitzke v. Williams, 490 U.S. 319, 327, 109 S. Ct.

1827, 1833, 104 L. Ed. 2d 338 (1989); Denton v. Hernandez, 504 U.S. 25, 32, 112 S. Ct.

1728, 1733, 118 L. Ed. 2d 340 (1992); and Macias v. Raul A., 23 F.3d 94, 97 (5th Cir.1994).

"A district court may dismiss an in forma pauperis proceeding as frivolous under 28 U.S.C.

§ 1915(d) whenever it appears that the claim's realistic chance of ultimate success is slight or

the claim has no arguable basis in law or fact." Henson-El v. Rogers, 923 F.2d 51, 53 (5th

Cir.), cert. denied, 501 U.S. 1235, 111 S. Ct. 2863, 115 L. Ed. 2d 1030 (1991).  See Neitzke

v. Williams, 490 U.S. 319, 325, 109 S. Ct. 1827, 1831-32, 104 L. Ed. 2d 338 (1989); Parker

v. Carpenter, 978 F.2d 190, 191 n.1 (5th Cir. 1992); Ancar v. Sara Plasma, Inc., 964 F.2d

465, 468 (5th Cir. 1992); Henthorn v. Swinson, 955 F.2d 351, 352 (5th Cir.), cert. denied,

504 U.S. 988, 112 S. Ct. 2974, 119 L. Ed. 2d 593 (1992).  "[I]n an action proceeding under

Section 1915(d), [a federal court] may consider, sua sponte, affirmative defenses that are

apparent from the record even where they have not been addressed" or raised in the

pleadings on file. Ali v. Higgs, 892 F.2d 438, 440 (5th Cir. 1990).  "Significantly, the court

is authorized to test the proceeding for frivolousness or maliciousness even before service of

process or before the filing of the answer." Id.  Since the plaintiff was granted in forma

pauperis status under 28 U.S.C. § 1915, the Court has reviewed this complaint prior to the

---

| | |
|---|---|
| (i) | is frivolous or malicious; |
| (ii) | fails to state a claim on which relief may be granted; or |
| (iii) | seeks monetary relief against a defendant who is immune from such relief. |

service of process to reach the following conclusions.

Initially, this Court must decide whether the plaintiff should pursue this matter as a request for habeas corpus relief or as a civil rights action pursuant to 42 U.S.C. § 1983.  When a state prisoner is challenging the fact or duration of his confinement, his exclusive remedy is a petition for habeas corpus relief.  Preiser v. Rodriguez, 411 U.S. 475 (1973).  Section 1983 is an appropriate legal vehicle to attack unconstitutional prison procedures or conditions of confinement.  Carson v. Johnson, 112 F.3d 818, 820 (5th Cir. 1997) (citing  Cook v. Texas Dept. of Crim. Just. Planning Dept., 37 F.3d 166, 168 (5th Cir. 1994)).  The plaintiff must pursue claims that affect his eligibility for, or entitlement to, accelerated release through habeas corpus. Id. (citing Pugh v. Parish of St. Tammany, 875 F.2d 436, 439 (5th Cir. 1989)).  Therefore, the Court concludes that the plaintiff must first pursue his request for his immediate release from custody by filing a petition for habeas corpus relief.

Before the plaintiff can pursue this matter through habeas corpus in federal court, he is required to exhaust his available state remedies.  Preiser v. Rodriguez, 411 U.S. 475 (1973); Thomas v. Torres, 717 F.2d 248, 249 (5th Cir. 1983).  Since the plaintiff does not allege that he has presented this claim to the Mississippi Supreme Court, he has not yet satisfied the exhaustion requirement of 28 U.S.C. § 2254(b)(1)(A).  As such, the portion of plaintiff's complaint requesting his immediate release from custody will not be liberally construed as a petition for habeas corpus relief and will be dismissed.

Addressing the plaintiff's claims for monetary damages, the Court finds that the plaintiff's claims under 42 U.S.C. § 1983 are precluded by the Supreme Court's ruling in Heck v. Humphrey, 512 U.S. 477, 114 S. Ct. 2364, 129 L.Ed.2d 383 (1994).  In Heck, the Court

addressed whether a claim for monetary damages which essentially challenges the plaintiff's

conviction or imprisonment is cognizable under 42 U.S.C. § 1983.  The Court held that such a

claim is not cognizable under that statute:

> [I]n order to recover damages for allegedly unconstitutional conviction or
> imprisonment, or for other harm caused by actions whose unlawfulness would render
> a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or
> sentence has been reversed on direct appeal, expunged by executive order, declared
> invalid by a state tribunal authorized to make such determination, or called into
> question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.
> A claim for damages bearing that relationship to a conviction or sentence that has not
> been so invalidated is not cognizable under § 1983.  Thus, when a state prisoner
> seeks damages in a § 1983 suit, the district court must consider whether a judgment
> in favor of the plaintiff would necessarily *imply* the invalidity of his conviction or
> sentence; if it would, the complaint must be dismissed unless the plaintiff can
> demonstrate that the conviction or sentence has already been invalidated.

Id. at 2372 (footnotes omitted) (emphasis added); see also Boyd v. Biggers, 31 F.3d 279, 284-85

(5th Cir. 1994).

The plaintiff seeks to prove that his imprisonment is unconstitutional.  If the plaintiff is

successful in this § 1983 action, it would necessarily imply the invalidity of his current

imprisonment.  Since this § 1983 action calls into question the validity of the plaintiff's sentence

and because the plaintiff has failed to demonstrate that his conviction and/or sentence has been

invalidated, the Court finds that the plaintiff's request for monetary damages should be dismissed

at this time.

Conclusion

As discussed above, the plaintiff's claims for release from custody are habeas in nature

and not properly pursued in this action.  Therefore, these claims are dismissed without

prejudice.  The plaintiff's claims for monetary damages regarding his criminal convictions

and current imprisonment are barred by Heck v. Humphrey, 512 U.S. 477 (1994).

Consequently, these claims will be dismissed for failure to state a claim upon which relief

may be granted, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), with prejudice.[2]

Since this case is dismissed pursuant to the above mentioned provision of the Prison

Litigation Reform Act, it will be counted as a "Strike."[3]  If the plaintiff receives "three strikes" he

will be denied in forma pauperis status and required to pay the full filing fee to file a civil action

or appeal.

A final judgment in accordance with this memorandum opinion and order will be

entered.

SO ORDERED, this the 29th day of August, 2005.

s/      HENRY T. WINGATE

_____
CHIEF UNITED STATES DISTRICT JUDGE


Civil Action No. 3:05-cv-458 WS
Memorandum Opinion

---

[2]The Fifth Circuit has held that claims barred by Heck are "dismissed with prejudice to their being asserted again until the Heck conditions are met." Johnson v. McElveen, 101 F.3d 423, 424 (5th Cir. 1996).

[3]28 U.S.C. § 1915(g) states "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."